NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3248
_____

UNITED STATES OF AMERICA

v.

GLENN FORD, Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-17-cr-00326-001)
District Judge: Honorable Reggie B. Walton
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 1, 2020
_____

Before: GREENAWAY, JR., SHWARTZ, and RENDELL, *Circuit Judges*.

(Opinion Filed: July 23, 2020)

_____

OPINION[*]
_____


GREENAWAY, JR., *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Counsel for appellant Glenn Ford moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), based upon Counsel's conclusion that no nonfrivolous issues exist for appeal. Ford pled guilty to three counts of bank robbery, pursuant to 18 U.S.C. § 2113(a), and one count of Hobbs Act robbery, pursuant to 18 U.S.C. § 1951. The District Court sentenced Ford to 151 months' imprisonment, followed by a three-year term of supervised release, and ordered Ford to pay $7,846 in restitution. Ford filed a timely notice of appeal. For the reasons set forth below, we will grant Counsel's motion to withdraw, affirm the District Court's judgment of conviction, and deny Ford's request for appointment of new counsel.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The charges in this case arise from three bank robberies and a robbery of a convenience store. The first robbery occurred on September 15, 2017, when Ford demanded money from a teller at a branch of the Huntington Bank and left with $2,340. A few days later, on September 20, 2017, Ford went to a branch of the Citizens Bank and demanded money from the teller. Ford left with $2,950. While waiting at a nearby bus station, an off-duty security guard observed Ford entering and leaving the bank in a suspicious manner. Based on his suspicions, the off-duty security guard entered the bank to ask if it had been robbed. Upon learning that the bank had in fact been robbed, the off-duty guard left to catch his bus. Ford got on the same bus. The off-duty security guard took a picture of Ford and provided it to the police.

2

Over a week later, on September 28, 2017, Ford returned to the same Huntington Bank branch that he robbed on September 15, 2017 and approached the same teller. The teller recognized Ford and placed a dye pack with the money Ford had demanded. The dye pack exploded as Ford fled the bank, causing damage to Ford's clothes and to the $2,370 Ford had stolen from the bank.

Ford's final robbery occurred on October 4, 2017, when Ford took $186 from a convenience store while possessing a knife. Police officers arrested Ford several days later after recognizing him on surveillance videos. Ford admitted to committing the robberies and assisted the officers in recovering the damaged money from the third bank robbery.

On November 30, 2017, a federal grand jury indicted Ford on three counts of bank robbery and one count of Hobbs Act robbery. Against the District Court's advice, Ford chose to represent himself whereby the Court appointed him with standby counsel. Ford pled not guilty to the indictment. In July 2018, Ford indicated that he wished to change his plea to guilty pursuant to a plea agreement. At the change of plea hearing on July 24, 2018, however, Ford changed his mind and declined to accept the plea agreement. Two days later, Ford had a second opportunity to accept the plea agreement, but again declined to do so.

At a status hearing on October 24, 2018, Ford withdrew his request to represent himself and as a result, the District Court appointed standby counsel to represent Ford as his counsel. By late February 2019, Ford indicated that he was prepared to accept an

open plea.  On March 7, 2019, the District Court held a change of plea hearing where, among other things, Ford waived his right to a jury trial, acknowledged that he understood the charges, and agreed with the factual basis for the charges.  Satisfied that Ford was competent and understood the consequences of his decision to plead guilty, the District Court accepted Ford's guilty plea.

Shortly after his change of plea hearing, on March 20, 2019, Ford filed a motion to withdraw his plea, arguing that he was innocent of the charged offenses and that counsel had provided ineffective assistance.  A month later, on April 23, 2019, Ford filed a second motion to withdraw his guilty plea, arguing that he wished to represent himself by asserting the defense of insanity.  At a status hearing on May 2, 2019, the District Court denied Ford's request to represent himself and tabled adjudication of Ford's motion to withdraw his guilty plea to a later date until the government could respond to his motion.  After the government responded to Ford's motion, Ford filed two additional motions to withdraw his guilty plea on May 23, 2019 and June 12, 2019.  Ford, however, later withdrew all four motions at a motion hearing on August 2, 2019.

Ford's indecisiveness eventually led him to file two more motions to withdraw his guilty plea on August 20, 2019 and September 5, 2019.  Ford then withdrew these motions at his sentencing hearing on September 20, 2019.  During Ford's sentencing hearing, the District Court listened to defense counsel's argument for a downward variance from Ford's career offender status based on the factors set forth in 18 U.S.C. § 3553(a).  After considering defense counsel's argument and taking into account the

4

Presentence Investigation Report, the District Court denied the variance request and determined that Ford was a career offender under the Sentencing Guidelines ("Guidelines"). Ford received a sentence of 151 months' imprisonment, followed by a three-year term of supervised release, and was ordered to pay $7,846 in restitution.

On October 1, 2019, Ford filed a timely notice of appeal. On March 4, 2020, Counsel moved to withdraw, pursuant to the standards set forth in *Anders*. Ford has not filed a brief, but after briefing was completed, he filed a motion for appointment of new counsel.

## II. JURISDICTION

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## III. STANDARD OF REVIEW

Appellate counsel must "support his client's appeal to the best of his ability." *Anders*, 386 U.S. at 744. However, if an attorney representing a criminal defendant finds an appeal to be wholly frivolous, *Anders* delineates the process by which an attorney may request to withdraw from continued representation. *Id.* Pursuant to *Anders*, counsel requesting to withdraw must satisfactorily show the court they have "scoured the record [for] appealable issues" and "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). The court must then engage in a two-part inquiry: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule

5

109.2's] requirements;[1] and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If an appeal is judged to be wholly frivolous, this Court must "grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* (quoting 3d Cir. L.A.R. 109.2(a)). On the other hand, "[i]f the panel finds arguable merit to the appeal, or that the *Anders* brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar." 3d Cir. L.A.R. 109.2(a).

## IV. ANALYSIS

We are satisfied that the brief submitted by Counsel contains a "conscientious examination of the record" for issues of arguable merit and find that Counsel has fulfilled the requirements set forth in *Anders*. As we have previously stated, "[i]t is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues." *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) (citations omitted). Here, the District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Accordingly, no appealable issue exists with respect to jurisdiction.

As Counsel noted, there is also no appealable issue as to the validity of the plea.

---

[1] Third Circuit Local Appellate Rule 109.2(a) provides, in relevant part, that "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States."

Based on the record before us, we are satisfied that the District Court complied with the constitutional requirements and Federal Rule of Criminal Procedure 11. A criminal defendant's guilty plea is considered valid if entered into "knowing[ly], voluntar[ily], and intelligent[ly]." *United States v. Tidwell*, 521 F.3d 236, 251 (3d Cir. 2008). To ensure the validity of a plea, the "court must address the defendant personally in open court." Fed. R. Crim. P. 11(b)(1). Inherent in a guilty plea is the defendant's relinquishment of "not only a fair trial, but also other accompanying constitutional guarantees." *United States v. Porter*, 933 F.3d 226, 229 (3d Cir. 2019) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). The district court must ensure the defendant understands his rights, the nature of the charges, and the direct implications of entering a plea. *United States v. Schweitzer*, 454 F.3d 197, 202–03 (3d Cir. 2006) (citing *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969); Fed. R. Crim. P. 11(b)).

To challenge the validity of a guilty plea, Ford has the burden of showing that the requirements of Federal Rule of Criminal Procedure 11 and the constitutional requirements enumerated in *Boykin* have not been satisfied. Counsel found no basis to support an argument that Ford's plea was unknowing, involuntary, or unintelligent. Our review of the guilty plea colloquy reveals that the District Court followed all of the requirements of Federal Rule of Criminal Procedure 11. The District Court ensured Ford was sufficiently competent to enter his plea, understood the constitutional rights he was waiving, and entered the plea voluntarily. Further, Ford admitted to the factual basis for the plea. We, therefore, agree with Counsel's conclusion that the record shows that

7

Ford's plea was knowingly, voluntarily, and intelligently made.

With respect to sentencing, we must determine whether the sentence was both procedurally and substantively reasonable. *United States v. Tomko*, 562 F.3d 558, 566–67 (3d Cir. 2009) (en banc). When a defendant fails to preserve a procedural objection in the District Court, we review the procedural reasonableness of a criminal sentence for plain error.[2] *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). If there is no procedural error, we then review the substantive reasonableness based on the totality of the circumstances under a highly deferential abuse of discretion standard. *Tomko*, 562 F.3d at 567–68. If the sentence imposed by the District Court was both procedurally and substantively reasonable, such review is not a basis for appeal.

An appellate court first reviews a district court's sentence for "no significant procedural error." *Gall v. United States*, 552 U.S. 38, 50–51 (2007). When imposing a sentence, a district court must correctly calculate the applicable Guidelines range, entertain any variances or departures, and consider all the factors set forth in 18 U.S.C. § 3553(a). *United States v. Levinson*, 543 F.3d 190, 194–95 (3d Cir. 2008); *see also United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

Relying on the Presentence Investigation Report, the District Court calculated the

---

[2] A "party must object to the procedural error complained of after [a] sentence is imposed in order to avoid plain error review on appeal." *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). Since Ford did not object to the procedural reasonableness after receiving his sentence in the District Court, our review is for plain error.

8

Guidelines range. The District Court found Ford to be a career offender,[3] resulting in an offense level of 29 and a criminal history category of VI.[4] At the sentencing hearing, Counsel argued for a downward variance from Ford's career offender status, but the District Court denied the variance request given Ford's extensive criminal history. An examination of the record shows the District Court considered all the factors set forth in 18 U.S.C. § 3553(a). Since the District Court followed the three-step procedure, no procedural error existed.

If a sentence is found procedurally reasonable, we will then look to its substantive reasonableness. *Tomko*, 562 F.3d at 567. A sentence will be deemed substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on [the] defendant for the reasons the district court provided." *Id.* at 568. After going through the correct procedural steps, the District Court imposed a 151-month term

---

[3] "A defendant is [considered] a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G § 4B1.1(a).

[4] At a status hearing on August 2, 2019, Ford confirmed that he reviewed the Presentence Investigation Report and the Guidelines range listed therein. Moreover, at the sentencing hearing on September 20, 2019, the District Court noted that the Guidelines calculation included a three-point reduction in Ford's sentence for his acceptance of responsibility, but noted the Court "could have denied those three points in light of all that's taken place, especially the one point that he got for having avoided [sic] the government the effort of preparing this case for trial." App. 347.

of imprisonment, the lowest sentence within the Guidelines range.[5] After reviewing the record, we find the sentence substantively reasonable based on the totality of the circumstances. Since the sentence was both procedurally and substantively reasonable, any challenge to it would be meritless.

Although not identified by Counsel, we note two other related issues that may have formed a basis for an appeal, but, due to their lack of merit, do not. Following his plea, Ford filed six motions to withdraw his guilty plea, arguing that he was innocent of the offenses and that Counsel had provided ineffective assistance. "Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim." *United States v. Jones*, 336 F.3d 245, 252 (3d. Cir. 2003). A defendant may withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In addressing a motion to withdraw a guilty plea, the court must consider three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and, (3) whether the government would be prejudiced by the withdrawal." *Jones*, 336 F.3d at 252.

First, Ford failed to support his assertion of innocence. A defendant who moves a

---

[5] The District Court noted that there was "some temptation to give [Ford] something other than a bottom Guideline sentence because of his [criminal] history and because of all that has transpired in this case." App. 335. Nonetheless, the District Court imposed the lowest sentence within the Guidelines range. Counsel recognized that "[t]he facts were there to impose more" time than what Ford was given." Appellant's Br. 36.

court to withdraw a guilty plea must make a credible showing of innocence that is supported by a factual record. *Id.* "Bald assertions of innocence," without more, will not do. *Id.* Here, Ford simply states that he was innocent of the charged offenses. Beyond this statement, Ford has not offered any facts or further explanation to support an assertion of innocence. Thus, Ford has not meaningfully asserted his innocence.

Second, we are not persuaded by the strength of Ford's reason for withdrawing his plea. Ford argued that he should be allowed to withdraw his guilty plea because he had been "misled" by Counsel and would like to represent himself by asserting the defense of insanity. App. 274. As we noted, our review of the guilty plea colloquy revealed that all the requirements of Federal Rule of Criminal Procedure 11 were met. Ford's plea was knowingly, voluntarily, and intelligently made. Therefore, we are not persuaded by Ford's reasoning to withdraw his plea.

Since Ford failed to provide factual support for his innocence or provide a justifiable reason for withdrawing his plea, the government need not establish prejudice. Therefore, this issue presents no nonfrivolous issue for appeal.

Next, we address Ford's claim that Counsel provided ineffective assistance. "[W]e have held that we may address the claim of ineffective assistance of counsel on direct appeal when the record is sufficient to allow determination of the issue." *United States v. Thornton,* 327 F.3d 268, 271 (3d Cir. 2003). Here, the record is insufficient to allow a ruling on Ford's claim of ineffective assistance of counsel. Ford may, however, raise this claim in a habeas petition. *See Massaro v. United States*, 538 U.S. 500, 504

(2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."); *United States v. Davies*, 394 F.3d 182, 188 (3d Cir. 2005).

Finally, following Counsel's motion to withdraw, Ford filed a motion for appointment of new counsel. As we noted, if an appeal is without merit, we "will grant trial counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Youla*, 241 F.3d at 300 (quoting 3d Cir. L.A.R. 109.2(a)). Since we have concluded this appeal presents no nonfrivolous issues, we will deny Ford's request for appointment of new counsel.

## V. CONCLUSION

For the foregoing reasons, we agree with Counsel that no nonfrivolous issues exist for appeal under *Anders*. Accordingly, we will grant Counsel's motion to withdraw, affirm the District Court's judgment of conviction, and deny Ford's request for appointment of new counsel. Pursuant to 3d Cir. L.A.R. 109.2(b), Counsel is relieved of the obligation to file a petition for a writ of certiorari to the Supreme Court of the United States.