**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-3268

———————


UNITED STATES OF AMERICA

v.

WALTER PORTER,
　　　　　　　Appellant


———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cr-00236-001)
District Judge: Honorable David S. Cercone

———————

Argued on June 13, 2019

Before: HARDIMAN, PORTER, and COWEN, *Circuit
Judges*.


(Filed: August 1, 2019)

Laura S. Irwin
Ira M. Karoll **[Argued]**
Office of United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
            *Attorneys for Appellee*

James J. Brink **[Argued]**
428 Forbes Avenue, Suite 555
Pittsburgh, PA 15219
            *Attorney for Appellant*

_____

OPINION OF THE COURT

_____

HARDIMAN, *Circuit Judge*.

The law is well established that a defendant cannot relitigate the denial of a motion to suppress evidence after he enters a valid, unconditional guilty plea. Appellant Walter Porter entered such a plea. But he asks us to overturn the District Court's order denying his motion to suppress because he never intentionally relinquished (*i.e.*, waived) his appellate rights, and the Court commented on those rights at sentencing. We hold that whether Porter waived his suppression claim is immaterial, and that the Court's statements did not expand Porter's appellate rights. We will affirm the District Court's judgment of conviction and sentence.

I

This case began with a traffic stop in the borough of Indiana, Pennsylvania. Police searched the stopped car and

2

found drugs hidden in a "Fix-A-Flat" can inside a duffel bag. Porter was seated next to the bag and said it was his. The police took Porter into custody, and the United States charged him with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

After his indictment, Porter moved to suppress the cocaine base, arguing that the search and seizure violated his Fourth Amendment rights. The District Court held an evidentiary hearing, and the parties offered conflicting testimony. The Court rejected Porter's version of events, so it denied the motion to suppress.

Several weeks after the evidentiary hearing, Porter entered an open guilty plea. In his colloquy with the District Court, Porter acknowledged the accuracy of the Government's summary of the evidence. And he agreed no one had "offered [him] anything to secure [his] plea of guilty." Supp. App. 13. The District Court found Porter's plea to be intelligent, knowing, voluntary, and supported by the facts. The plea hearing concluded with no discussion of the District Court's denial of Porter's motion to suppress. Nor did sentencing memoranda submitted by both parties make any reference to appellate issues, much less the suppression of evidence.

Not until his sentencing hearing months later did Porter allude to an appeal. "[T]o preserve the record," Porter's counsel "respectfully took exception to the Court's rulings" from the suppression hearing. Supp. App. 25. And after the District Court sentenced Porter to 84 months' imprisonment—a substantial downward variance from the Guidelines range of 151 to 188 months—the Court informed him of his appellate rights. Besides explaining Porter's right to an appellate attorney and the 14-day filing deadline, the Court said, "[s]ir,

3

you have the right to appeal. I know there's some issues that's [sic] an indication you want to appeal. You have that right. You have the right to appeal from your conviction and sentence imposed upon you." Supp. App. 45. Porter filed this timely appeal.

II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. And although we have said that only "jurisdictional" defenses survive a defendant's unconditional plea of guilty, *e.g.*, *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) (per curiam), the fact that Porter does not challenge the subject matter jurisdiction of the District Court or this Court does not resolve his case.

Many courts, including the Supreme Court, "'have more than occasionally misused the term "jurisdictional"'" to refer to nonjurisdictional prescriptions." *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1848 n.4 (2019) (quoting *Scarborough v. Principi*, 541 U.S. 401, 413 (2004)). Our Court has been no exception. While we have used the word "jurisdiction" in precedents like *Washington*, it has not been to discuss "the nature and limits of the judicial power of the United States." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). In truth, "calling a defense 'jurisdictional' [has been] a conclusion" that the defense might prevail, "not an explanation" why. *United States v. Hedaithy*, 392 F.3d 580, 588 n.9 (3d Cir. 2004) (quoting *United States v. Panarella*, 277 F.3d 678, 682 n.1 (3d Cir. 2002), *abrogated on other grounds by Skilling v. United States*, 561 U.S. 358, 410 (2010)). We now clarify that a claim need not attack subject matter jurisdiction

4

to survive an unconditional guilty plea. In doing so, we join many of our sister courts. *See, e.g.*, *United States v. Rios-Rivera*, 913 F.3d 38, 42 (1st Cir. 2019), *cert. denied*, 139 S. Ct. 2647 (2019); *United States v. De Vaughn*, 694 F.3d 1141, 1152 (10th Cir. 2012); *United States v. Jacobo Castillo*, 496 F.3d 947, 955–56 (9th Cir. 2007) (en banc). And as we will explain, whether a claim survives an unconditional guilty plea depends on whether the claim is constitutionally relevant to the defendant's conviction.

### III

In this appeal, Porter seeks to relitigate the denial of his motion to suppress by arguing that the search of his duffel bag violated his Fourth Amendment rights. Precedent precludes him from doing so, and his attempts to circumvent that precedent are unavailing.

### A

Courts have long understood a guilty plea to be "a confession of all the facts charged in the indictment, and also of the evil intent imputed to the defendant." *Class v. United States*, 138 S. Ct. 798, 804 (2018) (quoting *Commonwealth v. Hinds*, 101 Mass. 209, 210 (1869)). Inherent in this confession is the defendant's relinquishment of "not only a fair trial, but also other accompanying constitutional guarantees." *Id.* at 805 (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). As relevant here, an unconditional "valid guilty plea 'results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment.'" *Id.* (quoting *Haring v. Prosise*, 462 U.S. 306, 320 (1983)). This rule is founded on the "simpl[e] recogni[tion] that when a defendant

5

is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." *Haring*, 462 U.S. at 321. Instead, the defendant who pleads guilty "is convicted on his counseled admission in open court that he committed the crime charged against him." *McMann v. Richardson*, 397 U.S. 759, 773 (1970). The basis for Porter's conviction is thus his solemn and unconditional confession of guilt—not the constitutionality of the search that discovered the cocaine base in his duffel bag.

Porter first tries to skirt these formidable precedents by arguing that he never "affirmatively waived" his appellate rights, whether in a plea agreement or someplace else. Reply Br. 3. But Porter's loss of appellate rights "d[oes] not rest on any principle of waiver," *Haring*, 462 U.S. at 321, which unlike forfeiture is "the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Rather, it rests on the "irrelevan[ce]" of a Fourth Amendment violation "to the constitutional validity of [his] conviction." *Haring*, 462 U.S. at 321. This concept of constitutional irrelevance dates to the "*Brady* trilogy": *Brady v. United States*, 397 U.S. 742 (1970), *McMann*, 397 U.S. 759, and *Parker v. North Carolina*, 397 U.S. 790 (1970). *See generally* 5 Wayne R. LaFave et al., Criminal Procedure § 21.6(a) (4th ed. 1974 & Nov. 2018 update); 1A Charles Alan Wright et al., Federal Practice and Procedure: Criminal § 172 (4th ed. 2008 & Apr. 2019 update). "The *Brady* trilogy announced the general rule that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome*, 420 U.S. 283, 288

6

(1975). For instance, a defendant who confesses a crime under duress, but later voluntarily pleads guilty to the crime, cannot use that unlawful confession to attack his conviction. *See McMann*, 397 U.S. at 773. Nor can a defendant overcome a valid plea just because the Supreme Court later held unconstitutional one of the penalties he potentially faced for his crime. *See Brady*, 397 U.S. at 746, 757.

This does not mean that a valid guilty plea insulates a conviction against all attacks. Unlike Porter's unconditional plea, the plea itself sometimes "is entered with the clear understanding and expectation by the State, the defendant, and the courts that it will not foreclose judicial review of the merits of the alleged constitutional violations." *Lefkowitz*, 420 U.S. at 290 (special state-law plea allowing evidentiary suppression claim); *accord United States v. Moskow*, 588 F.2d 882, 884 (3d Cir. 1978) (conditional federal plea also allowing suppression claim). Other times the *claim* is relevant to the conviction's validity. The Supreme Court's recent decision in *Class* defines claims of this sort. They are defenses which, "'judged on [their] face' based upon the existing record, would extinguish the government's power to 'constitutionally prosecute' the defendant" if successful. *Class*, 138 S. Ct. at 806 (quoting *United States v. Broce*, 488 U.S. 563, 575 (1989)). Or, to borrow a "guiding principle" adopted by Judge Friendly,

> a defendant who has been convicted on a plea of guilty may challenge his conviction on any constitutional ground that, if asserted before trial, would forever preclude the state from obtaining a valid conviction against him, regardless of how much the state might endeavor to correct the defect. In other words, a plea of

> guilty may operate as a forfeiture of all defenses except those that, once raised, cannot be "cured".

*United States v. Curcio*, 712 F.2d 1532, 1538–39 & n.10 (2d Cir. 1983) (quoting Peter Westen, Away from Waiver: A Rationale for the Forfeiture of Constitutional Rights in Criminal Procedure, 75 Mich. L. Rev. 1214, 1226 (1977)).

With this sweep of the doctrine in mind, Porter's case is clear. Whether Porter waived his rights is not the point. Porter's plea did not allow his evidentiary appeal. Nor would his evidentiary appeal, if successful, "extinguish the [G]overnment's power to 'constitutionally prosecute' [him]" on the "existing record." *Class*, 138 S. Ct. at 806 (quoting *Broce*, 488 U.S. at 575). Put differently, a claim that evidence is inadmissible is one that may be raised and "cured" before trial. *Curcio*, 712 F.2d at 1539 (quoting Westen, *supra*, at 1226). So Porter's appeal is "irrelevant to the constitutional validity of [his] conviction." *Haring*, 462 U.S. at 321; *accord Class*, 138 S. Ct. at 805.

B

Porter also claims his sentencing hearing "created a plausible and tangible ambiguity and seemingly expanded [his] appellate rights." Reply Br. 5 (quoting *United States v. Saferstein*, 673 F.3d 237, 242 (3d Cir. 2012)). At the start of the hearing, defense counsel "preserve[d] the record" on his evidentiary objections. Supp. App. 25. Then, after imposing sentence, the District Court said to Porter, "I know there's some issues that's [sic] an indication you want to appeal. You have that right." Supp. App. 45.

These comments do not entitle Porter to relitigate his suppression motion. Porter's argument conflates the District Court's statements *after sentencing* with assurances made before the defendant's guilty plea. *Saferstein* dealt only with the latter. In that case, the district court's plea colloquy misstated the terms of Saferstein's written appellate waiver. The court said the waiver was "not intended to bar [Saferstein] from raising constitutional claims," though the waiver's text said otherwise. *Saferstein*, 673 F.3d at 241. Saferstein then pleaded guilty and sought to raise constitutional claims on appeal. We allowed him to do so, because given the district court's representations, we could not be sure Saferstein had "knowingly and voluntarily waiv[ed] his appellate rights." *Id.* at 243; *see also United States v. Avila*, 733 F.3d 1258, 1260, 1263 (10th Cir. 2013) (allowing withdrawal of unconditional guilty plea because the district court misinformed the defendant about appellate rights before accepting plea).

Unlike Saferstein's plea colloquy, Porter's offered no assurances about any appellate rights, as Porter candidly concedes. Reply Br. 4 n.2. Rather, the District Court advised Porter that a plea of guilty would relinquish many constitutional rights. Among other things, the Court explained that once it accepted Porter's plea, "at that moment you are no longer presumed innocent. You are in the same shoes that you would be in had you gone to trial and a jury found you guilty, you are now convicted." Supp. App. 6; *see also United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011) (describing the defendant's "substantial burden" under Fed R. Crim. P. 11(d)(2) if he seeks to withdraw an accepted plea). Porter said he understood, he pleaded guilty, and the District Court accepted his plea.

Just as the District Court warned, that moment "represent[ed] a break in the chain of events which ha[d] preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This break "render[ed] irrelevant—and thereby prevent[ed] [Porter] from appealing—the constitutionality of case-related [G]overnment conduct that t[ook] place before the plea [was] entered." *Class*, 138 S. Ct. at 805. To hold differently would allow Porter to challenge his admitted guilt because of alleged ambiguities about appellate rights that arose at sentencing. *Cf. Betterman v. Montana*, 136 S. Ct. 1609, 1616 (2016) ("[F]actual disputes, if any there be, at sentencing, do not go to the question of guilt; they are geared, instead, to ascertaining the proper sentence within boundaries set by statutory minimums and maximums."). We decline to "degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *United States v. Hyde*, 520 U.S. 670, 677 (1997).

\* \* \*

In sum, Porter cannot challenge on appeal the denial of his motion to suppress because his Fourth Amendment claims are irrelevant to his judgment of conviction, which was entered following a valid and unconditional guilty plea. We will affirm.