**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2410
_____

UNITED STATES OF AMERICA

v.

THOMAS GEORGE STANKO,
                                        Appellant
_____

On appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:18-cr-00334-001)
Chief District Judge: Honorable Mark R. Hornak
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 21, 2023

Before: BIBAS, MATEY, and FREEMAN, *Circuit Judges*

(Filed: June 23, 2023)
_____

OPINION[*]
_____

BIBAS, *Circuit Judge*.

Thomas Stanko had a long criminal history, including felonies. Yet police found seventeen guns in his house and storage unit. He pleaded guilty to illegally possessing them under 18 U.S.C. §922(g)(1) and was sentenced to 87 months in prison. On appeal, he

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

argues that (1) the District Court should have excluded his guns as the fruits of an unconstitutional search and (2) his sentence was unreasonable. Both arguments fail.

We review the District Court's findings of fact for clear error and the sentence's reasonableness for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 564–65, 567–68 (3d Cir. 2009) (en banc).

*First*, Stanko cannot challenge the search that found his guns because he pleaded guilty unconditionally. *United States v. Porter*, 933 F.3d 226, 229 (3d Cir. 2019).

*Second*, Stanko's sentence was reasonable. Procedurally, the District Court "reviewed the complete file" in the case and considered the sentencing factors thoroughly. JA 109. Stanko says the court "minimized" his mitigating evidence, particularly that he was abused as a child. Appellant's Br. 14. But the court expressly acknowledged "the significance of [Stanko's] childhood abuse and trauma." JA 114. Yet it decided that Stanko's upbringing and other evidence did not "mitigate all of the serious actions [he] engaged in as an adult." JA 152. This careful balancing is exactly what district courts must do at sentencing. The court did not err.

Substantively, Stanko's sentence was within his Guidelines range. So we may presume that it is reasonable. *United States v. Handerhan*, 739 F.3d 114, 119–20 (3d Cir. 2014). Stanko has not rebutted that presumption. He simply reargues that the District Court downplayed mitigating evidence. But that argument fails for the same reason as before. And he has not explained why "no reasonable sentencing court would have imposed the same sentence." *Tomko*, 562 F.3d at 568. So we will affirm.