**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1171
_____

UNITED STATES OF AMERICA

v.

ARLESS R. LEITO,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3-21-cr-00382-001)
District Judge:  Honorable Malachy E. Mannion

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) October 19, 2023
_____

Before:  CHAGARES, Chief Judge, PHIPPS and CHUNG, Circuit Judges

(Filed October 20, 2023)
_____

OPINION*
_____

CHUNG, Circuit Judge.

---

\* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Arleiss Leito pleaded guilty to federal drug- and firearm-related offenses, and the District Court accordingly entered a judgment of conviction. Leito then appealed from the judgment. His appointed counsel now moves to withdraw under Anders v. California, 386 U.S. 738 (1967). Because we agree with counsel that there are no non-frivolous issues on appeal, we will grant counsel's motion and affirm the judgment.

I.    BACKGROUND[1]

In 2017, police investigating a shooting followed Leito into an apartment and arrested him. Upon searching the apartment, they found drugs and a handgun. A federal grand jury indicted Leito on multiple charges, and Leito ultimately pleaded guilty to two charges pursuant to a plea agreement: possessing controlled substances with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c), and possessing a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). At Leito's plea hearing, the Court questioned Leito at length to ensure that he was competent, that he fully understood his plea, and that he entered his guilty plea voluntarily.

Three months after the plea hearing, Leito was sentenced. At Leito's sentencing hearing, the District Court heard argument from both parties and then explained its guidelines range calculation and its consideration of the factors set forth in 18 U.S.C. § 3553(a). The District Court then proceeded to sentence Leito to a total of 83 months in

---

[1]    Because we write for the parties, we recite only facts pertinent to our decision.

prison—a sentence at the top of the advisory range.[2]

Leito timely appealed from the judgment of conviction. His court-appointed counsel has since filed an <u>Anders</u> brief, stating that there are no non-frivolous issues for appeal. While Leito has not filed a *pro se* brief identifying any other issues, his counsel's <u>Anders</u> brief addresses issues that Leito has previously identified, as well as other possible issues to raise in an appeal.

II.   <u>DISCUSSION</u>[3]

Under <u>Anders</u>, court-appointed counsel for a criminal defendant may ask to withdraw from a case after conviction "[i]f counsel is convinced, after conscientious investigation, that the appeal is frivolous." 386 U.S. at 741 (quoting <u>Ellis v. United States</u>, 356 U.S. 674, 675 (1958)). We ask two principal questions when considering such a motion. <u>United States v. Langley</u>, 52 F.4th 564, 569 (3d Cir. 2022). First, we determine whether counsel's <u>Anders</u> brief demonstrates that counsel has thoroughly examined the record for potential issues and whether the brief explains why all potential issues are frivolous. <u>Id.</u>; <u>see</u> <u>also</u> 3d Cir. L.A.R. 109.2(a) (2011) (setting forth requirements for <u>Anders</u> brief). Second, we conduct our own independent review of the

---

[2]   The District Court first sentenced Leito to 84 months, but then said that this was an error and corrected the sentence to 83 months.

[3]   The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We conduct plenary review to determine whether there are any non-frivolous issues for appeal, and review the District Court's factual findings for clear error. <u>United States v. Langley</u>, 52 F.4th 564, 568–69 (3d Cir. 2022).

record to make sure it presents no non-frivolous issues.  Id.  If counsel has fulfilled their obligations at the first step, however, we may limit our second-step review to the issues raised in counsel's brief.  Id.

Here, counsel's thorough brief meets the requirements of Rule 109.2(a).  As a result, we will address only the issues counsel raises.  We conclude that there are no non-frivolous issues for appeal.

The first potential appellate issue addressed by counsel is whether the District Court had jurisdiction over Leito's case.  Because federal courts have jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, we are satisfied that the District Court had jurisdiction over Leito's prosecution for violating federal statutes.

The second potential appellate issue counsel addresses is whether the police violated Leito's Fourth Amendment rights when they searched the apartment.  Leito pleaded guilty, however, and can therefore no longer "challenge the admissibility of evidence obtained in violation of the Fourth Amendment."  United States v. Porter, 933 F.3d 226, 229 (3d Cir. 2019) (quoting Class v. United States, 138 S. Ct. 798, 805 (2018)).  That is because a defendant who pleads guilty admits "all the facts charged in the indictment," id. (quoting Class, 138 S. Ct. at 804), and his conviction is thus based on "his solemn and unconditional confession of guilt—not the constitutionality of the search that discovered" the evidence against him, id.  Accordingly, Leito cannot challenge his conviction on Fourth Amendment grounds.

4

Third, counsel addressed whether Leito's guilty plea was "knowing and voluntary." United States v. Schweitzer, 454 F.3d 197, 206 (3d Cir. 2006). Leito has not questioned the validity of his plea. Moreover, the record shows that the District Court took care to ensure that Leito was advised of, and understood, all requirements for a knowing plea and that Leito affirmed he was entering his plea voluntarily. There is thus no non-frivolous issue concerning the knowing and voluntary nature of Leito's plea.

Finally, counsel addressed the legality of Leito's sentence. For a sentence to be legal, it must be reasonable. Reasonableness, in turn, requires that the sentence be procedurally sound. See United States v. Lacerda, 958 F.3d 196, 214 (3d Cir. 2020). Counsel considered whether an appellate claim could be raised that the District Court erroneously considered Leito's arrest record at sentencing. We agree with counsel that the District Court's reference to Leito's prior arrests was not in error. Although it may be error for a district court to rely on a defendant's arrest history for its sentencing decision, it is not error for a court to merely mention it. See United States v. Ferguson, 876 F.3d 512, 516–17 (3d Cir. 2017). Here, the District Court refused to consider Leito's arrest record when the government raised it at sentencing. While the District Court mentioned Leito's arrest record—to observe that his repeated arrests suggested he was not "getting the message"—it did not let that observation affect its sentencing determination. Appendix at 62. Thus, we see no error in the District Court's consideration of Leito's arrest record, nor any other procedural failure at sentencing.

5

Having considered these and the other issues addressed in counsel's brief, as well as having completed our own review of the record, we are satisfied that there are no non-frivolous issues in Leito's appeal.

III.    CONCLUSION

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm Leito's judgment.  In accordance with 3d Cir. L.A.R. 109.2(b), Leito's counsel is not required to file a petition for writ of certiorari with the Supreme Court because the issues presented here lack legal merit.