**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1227

_____

JOSEPH TODARO, SR.,
                                                                Appellant

v.

SUPERINTENDENT HOUTZDALE SCI; DISTRICT ATTORNEY CAMBRIA
COUNTY; ATTORNEY GENERAL PENNSYLVANIA

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3:21-cv-00205)
District Court: U.S. Magistrate Judge Keith A. Pesto

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on Sept. 19, 2024

Before:  RESTREPO, McKEE, SMITH, *Circuit Judges*

(Filed: April 8, 2025 )

_____

OPINION[*]

_____


RESTREPO, *Circuit Judge*


_____

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

Appellant, Joseph Todaro, Sr., appeals the District Court's dismissal of his Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254. In dismissing the habeas petition, the Court concluded that Todaro's claim challenging his counsel's assistance was procedurally defaulted, and in any event, that his habeas claim was meritless.

On appeal, this Court granted a certificate of appealability ("COA") on the following issues:

1. Whether petitioner's procedurally defaulted claim of ineffective assistance of counsel is excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), due to his post-conviction counsel's failure to argue trial counsel['s] [assistance] was ineffective in view of *Commonwealth ex rel. Buchanan v. Verbonitz*, 581 A.2d 172 (Pa. 1990). *See also Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020).

2. Whether petitioner's guilty plea prevents him from challenging the effectiveness of his trial or post-conviction counsel based on their alleged failure to detect the infirmity of his preliminary hearing. *Compare Tollett v. Henderson*, 411 U.S. 258 (1973), and *United States v. Porter*, 933 F.3d 226 (3d Cir. 2019), with *Boyd v. Waymart*, 579 F.3d 330 (3d Cir. 2009) (en banc); *see also Brown v. Swarthout*, 2010 WL 3075700 (C.D. Cal. June 21, 2010).

3. Whether petitioner has stated a valid ineffective assistance of counsel claim, including, as to prejudice, whether he can show he "would have proceeded to trial instead of pleading guilty," *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994), given his assertion that direct testimony from the victim would have raised doubts as to petitioner's alleged intent. *Cf. Commonwealth v. Lombardo*, 2015 WL 6168198 (Pa. Super. Feb. 24, 2015).

App. 2-3. Because we conclude Appellant's procedural default is not excused under *Martinez*, we affirm the dismissal of the habeas petition.

2

## I.    Background

On May 3, 2018, Appellant entered a negotiated guilty plea with the assistance of trial counsel on two separate criminal Complaints filed in the Court of Common Pleas of Cambria County.  Specifically, Appellant entered a guilty plea to one count of Rape of a Mentally Disabled Person, 18 Pa. C.S.A. § 312(a)(5), and one count of Failure to Comply with Registration Requirements,[1] 18 Pa. C.S.A. § 4915.1(a).  In exchange, the Commonwealth nolle prossed all remaining charges and agreed to recommend an aggregate sentence of 15 to 30 years in prison.  The Commonwealth further represented to the Court that, after extensive discussions and agreement with the victim's family, the Commonwealth would not seek the imposition of a mandatory sentence of life in prison as long as the terms of the plea agreement were ultimately upheld and enforced, which Appellant testified he understood.[2]  Indeed, Appellant's trial counsel confirmed that the Commonwealth's decision not to request a sentence of life in prison is why Appellant agreed to plead guilty.

On August 3, 2018, pursuant to the plea agreement, the Court sentenced Appellant to an aggregate sentence of 15 to 30 years in prison as follows: for the rape conviction, Appellant was sentenced to 180 to 360 months (15 to 30 years) in prison; for the failure

---

[1] Appellant was required under Megan's Law to register as a sex offender due to a prior conviction.

[2] For his crimes against the victim, Appellant was facing a mandatory life sentence if convicted.  *See* 42 Pa. C.S.A. § 9718.2.  Appellant had multiple prior sexual convictions, including in January 1994, December 1999, and December 2005.  Appellant also had a prior conviction in 2007 for failing to register as a sex offender.

to comply with registration requirements, Appellant was sentenced to 60 to 120 months (5 to 10 years) in prison, to be served concurrently with the sentence imposed for the rape conviction. No post-sentence motions or direct appeal were filed.

Appellant filed a pro se petition under the Pennsylvania Post Conviction Relief Act ("PCRA"). The Court appointed counsel, who then filed a petition to withdraw as counsel. Following Appellant's reply, the PCRA Court granted counsel's request to withdraw and dismissed the PCRA Petition.

Appellant then filed a second pro se PCRA Petition, and the Court appointed counsel, who filed an Amended PCRA Petition. Appellant filed a pro se Appeal Rights Argument, and his appointed counsel filed a motion to withdraw as counsel. The PCRA Court granted the motion to withdraw and dismissed the second PCRA Petition.

Appellant filed a pro se Notice of Appeal to the Superior Court of Pennsylvania, and the PCRA Court then directed him to file a statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) ("1925(b) Statement"). Appellant then filed a 1925(b) Statement, and the PCRA Court filed an Opinion pursuant to Pennsylvania Rule 1925(a), addressing Appellant's claimed errors. The Superior Court affirmed the PCRA Court's decision dismissing the second PCRA Petition. *Commonwealth v. Todaro*, 253 A.3d 314 (Pa. Super. 2021). Appellant filed a petition for review in the Supreme Court of Pennsylvania, which denied allowance of appeal.

Appellant subsequently filed his pro se habeas petition in the District Court, and the Commonwealth filed a motion to dismiss the petition. The District Court granted the

motion, dismissed the habeas petition, and denied the issuance of a COA. The District Court found that Appellant could not show cause that would excuse his defaulted claim and that the claim was plainly meritless in any event.

Appellant then filed this appeal, and a panel of this Court issued the aforementioned COA. As to the first issue presented by the COA, we conclude that the procedural default of Appellant's underlying claim of ineffective assistance of trial counsel is not excused under the narrow exception carved out in *Martinez v. Ryan*, 566 U.S. 1 (2012), because it is not a "substantial" claim.[3]

## II.    Preliminary Hearing

At the preliminary hearing, held on September 14, 2017, the prosecution presented the testimony of: (1) Lindsey Groves, Psy.D., a licensed psychologist; (2) the victim's mother ("Mrs. M"); and (3) Detective Thomas Keirn. Among other things, Dr. Groves testified that, following evaluation, the victim ("T.M.") placed in the lowest one percent of the population in communication, and the lowest four percent of the population in IQ testing.

Testimony from Mrs. M and Detective Keirn also described T.M.'s mental deficiencies from their own observations and experience. For example, Mrs. M confirmed that T.M. could not independently perform daily activities such as working, driving, or cooking for herself. Dr. Groves testified to a reasonable degree of certainty

---

[3] Accordingly, since we affirm the dismissal of the habeas petition on these grounds, it is unnecessary to address the COA's remaining issues.

within her field of expertise of clinical psychology that T.M.'s intellectual disability rendered her unable to consent to sexual intercourse.

Mrs. M testified that after noticing suspicious, out-of-the-ordinary changes in T.M.'s behavior, it came to her attention that T.M. had been seen in the neighborhood going into nearby woods with a stranger. Mrs. M and her husband drove to that location where they saw T.M. with Appellant near his vehicle. They confronted him, and then warned him to stay away from T.M. "because any decent human being would know that she was individualized." SA38.

Mrs. M testified that she later discovered T.M. in possession of a secret cell phone that Appellant had provided to the victim. The police were later able to confirm that sexually explicit and graphic messages, videos, and voicemails on the phone, which included, among other things, Appellant's sexually explicit intentions, were sent from Appellant's phone to T.M.'s phone. In addition to the police confirmation of the ownership and possession of the phones, Mrs. M testified that T.M. told her Appellant had given her the cell phone.

T.M.'s gynecological exam revealed she had contracted a sexually-transmitted disease, and T.M. then indicated to Mrs. M that Appellant had sexual intercourse with her. When asked whether she ever had sexual relations with any other people, T.M. confirmed to her mother that she had not.

Detective Keirn testified that T.M. also indicated to him that Appellant had sexual intercourse with her on multiple occasions. The detective further testified that he was present at a forensic interview of T.M. conducted at a county child advocacy center that

6

was documented on video and audio recording. It revealed that Appellant had also performed other sexual acts against her wishes.

### III. Discussion

"A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 55 (2009)). Such a default may be excused, however, if a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Appellant acknowledges that his habeas claim is procedurally defaulted in the Pennsylvania courts. However, he argues that his default should be excused because he can show cause for his default under *Martinez v. Ryan*, 566 U.S. 1 (2012).

*Martinez* excuses a procedural default "caused by ineffective assistance of post-conviction counsel . . . in the . . . initial-review collateral proceeding" if "the underlying claim of trial counsel ineffectiveness is 'substantial,' meaning 'the claim has some merit.'" *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (quoting *Martinez*, 566 U.S. at 14). Thus, to qualify for the exception under *Martinez*, Appellant must show that his underlying defaulted claim of ineffective assistance of trial counsel has "some merit" and that his state post-conviction counsel's performance during the first collateral proceeding when the claim could have been properly raised fell below an objective standard of reasonableness. *Id.* (quoting *Martinez*, 566 U.S. at 14).

To establish his underlying ineffective assistance of trial counsel claim, Appellant must demonstrate that counsel's performance was constitutionally deficient and that he was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficiency prong of the test, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. The prejudice prong of the test requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of guilty pleas, such as in this case, the prejudice prong requires the defendant to allege and "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The COA issued by a panel of this Court included the following underlying issue: "Whether petitioner's procedurally defaulted claim of ineffective assistance of counsel is excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), due to his post-conviction counsel's failure to argue trial counsel['s] [assistance] was ineffective in view of *Commonwealth ex rel. Buchanan v. Verbonitz*, 581 A.2d 172 (Pa. 1990). *See also Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020) ('*McClelland II*')." App. 2 (final parenthetical added). We conclude that petitioner's defaulted claim (on which the COA was granted) – that trial counsel's assistance was ineffective in view of *Verbonitz* – is not substantial, and the default is not excused under *Martinez*.

In *Verbonitz*, a five-Justice majority of the Supreme Court of Pennsylvania in 1990 "held hearsay evidence *alone* is insufficient to establish a *prima facie* case at a

8

preliminary hearing." *McClelland II*, 233 A.3d at 720 (emph. added). The subsequent promulgation of Pennsylvania Rule of Criminal Procedure 542(E) in 2011, however, permitted the use of hearsay at preliminary hearings, *id.* at 733, as did the subsequent expansion of Rule 542 in 2013, *id.* at 734.[4] As Pennsylvania's Supreme Court pointed out in *McClelland II*, "the amended rule does not evince an articulated intent to overrule *Verbonitz* or re-affirm it; instead, subsection (E) is intended to *allow* some use of hearsay." *Id.* at 735 (emph. added).

Here, in addressing the requirement that he is raising a substantial claim, citing *Verbonitz*, Appellant argues that his initial-review PCRA counsel rendered ineffective assistance in failing to raise the claim of "trial counsel's ineffective assistance for failing to challenge [what Appellant characterizes as] the deficiency of [his] preliminary hearing" because "the only evidence offered was hearsay testimony." Appellant Br. 18. Appellant asserts that trial counsel's assistance was ineffective in failing to advise him about the deficient preliminary hearing in his case and failing to take steps "to challenge the Commonwealth's case through the filing of a pre-trial habeas petition." *Id.* at 19.

In *Commonwealth v. Ricker*, 120 A.3d 349 (Pa. Super. 2015), which was still good law at the relevant time period here, Pennsylvania's Superior Court held that Rule 542(E), which was promulgated and then expanded after *Verbonitz*, "*does* allow hearsay

---

[4] Rule 542 expressly permits the Commonwealth to introduce hearsay evidence to make a prima facie case: "Hearsay as provided by law shall be considered by the issuing authority in determining whether a *prima facie* case has been established. Hearsay evidence *shall be sufficient to establish any element of an offense*[.]" Pa. R. Crim. P. 542(E) (emph. added); *see also* Pa. R. Crim. P. 542(E) cmt. ("[H]earsay, whether written or oral, may establish the elements of any offense.").

9

evidence *alone* to establish a *prima facie* case." *Id.* at 357 (emph. added). Indeed, at the time of Appellant's preliminary hearing (and his guilty plea, sentence, and entry of final judgment, for that matter), Pennsylvania's Superior Court opinion in *Commonwealth v. McClelland*, 165 A.3d 19 (Pa. Super. May 26, 2017) ("*McClelland I*"), had also not yet been reversed, and *Ricker* had not yet been disapproved. *See McClelland II*, 233 A.3d at 721, 736. Similarly to *Ricker*, *McClelland I* "concluded hearsay evidence alone is sufficient to establish a *prima facie* case at a preliminary hearing,"

Furthermore, due to the plea agreement, the Commonwealth did not request imposition of mandatory life in prison, which is no small matter. *See supra* note 2. Even assuming arguendo that hearsay evidence *alone* was offered at Appellant's preliminary hearing, in light of the state of the law at the relevant time period and the conditions agreed to under the plea agreement, we cannot properly say that Appellant's underlying ineffective assistance claim was substantial under *Martinez*. *See, e.g., Commonwealth v. Butler*, 2024 WL 4512331, *2 (Pa. Super. Oct. 17, 2024) (holding that ineffective assistance claim that counsel failed to inform the defendant of the claim that the Commonwealth purportedly relied exclusively on hearsay to hold the charges for court "fails because [the] *McClelland* case was not decided until July 21, 2020, approximately eight months after [the defendant's] judgment of sentence became final"); *see also Strickland*, 466 U.S. at 690 (counsel's decision-making must be assessed based on the information counsel knew at the time); *Sistrunk v. Vaughn*, 96 F.3d 666, 670-71 (3d Cir. 1996) (quoting *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)) ("[T]here is no general duty on the part of defense counsel to anticipate changes in the law").

10

Moreover, after Appellant's preliminary hearing (and his guilty plea and the entry of Judgment), the Supreme Court of Pennsylvania held in *McClelland II* that considering *Verbonitz* and subsequently amended Pennsylvania Rule 542 together, amended Rule 542 "is intended to *allow* some use of hearsay." *McClelland II*, 233 A.3d at 735 (emph. added); *see supra* note 4. Therefore, even if the subsequent ruling in *McClelland II* were the law at the time of the relevant time period here, a review of the evidence at the preliminary hearing reveals that, contrary to Appellant's conclusory assertion, the Commonwealth did not rely "solely" on hearsay testimony at the preliminary hearing, and *McClelland II* does not support a deficiency at the preliminary hearing here. *See, e.g.,* Appellant Br. 18-19 ("[T]he only evidence offered was hearsay testimony.").

## IV. Conclusion

Having considered the underlying issue presented by the COA - whether petitioner's procedurally defaulted claim of ineffective assistance is excused under *Martinez* due to his post-conviction counsel's failure to argue trial counsel's assistance was ineffective in view of *Verbonitz* and *McClelland*, for the foregoing reasons, we conclude the underlying defaulted ineffective assistance of trial counsel claim is not "substantial" under *Martinez*, and Appellant's default may not be excused.[5] Accordingly, we affirm the dismissal of Appellant's habeas petition.

---

[5] Having found Appellant's default of his underlying habeas claim is not excused because it is not "substantial" under *Martinez*, it is unnecessary to address the other grounds raised by the Commonwealth supporting affirmance of the dismissal of the habeas petition.