**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1042
_____

UNITED STATES OF AMERICA

v.

RUDYS OSVALDO TORRES,
                            Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3:22-cr-00004-001)
District Judge:  Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 14, 2025
_____

Before:  CHAGARES, Chief Judge, SCIRICA and RENDELL, Circuit Judges

(Filed: May 2, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, <u>Chief</u> <u>Judge</u>.

Rudys Osvaldo Torres was sentenced to 84 months of imprisonment after he pled guilty to unlawful reentry into the United States. His attorneys have filed a motion to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967). For the reasons below, we will grant the motion and affirm the judgment of sentence.

I.[1]

Torres is a citizen of the Dominican Republic and was once a lawful permanent resident of the United States. In 2006, however, Torres was removed to the Dominican Republic after he was convicted of kidnapping and possession of a controlled substance. Torres returned to the United States in less than a year, only to be convicted of drug-related offenses, imprisoned, and then removed to the Dominican Republic. Torres returned to the United States once more and was again convicted of drug-related offenses.

A grand jury returned an indictment on February 8, 2022, charging Torres with unlawful reentry into the United States. Torres entered a guilty plea, without a plea agreement, to one count of unlawful reentry in violation of 8 U.S.C. § 1326(a), which carries a maximum term of imprisonment of twenty years for defendants who were previously removed "subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). As English is not Torres's native language, he was provided a Federal Court Interpreter for his plea hearing, at which he attested to the

_____

[1] We write primarily for the parties, and so we recite only the facts necessary to decide the case.

District Court that he was satisfied with his defense counsel, understood the potential penalties he faced, and was guilty of the offense with which he was charged.

The presentence investigation report ("PSR") provided that Torres's recommended term of imprisonment was 84 to 105 months under the United States Sentencing Guidelines ("Guidelines"), based on an offense level of 25 and criminal history category of IV. The District Court adopted the conclusions of the PSR after considering Torres's objection to the calculation of his criminal history category.

Torres was provided an opportunity to speak to the District Court at his sentencing hearing. After eight family members stood at the podium to speak in support of Torres, defense counsel "call[ed]" Torres to do the same, telling him: "[T]his is your opportunity now to speak with the judge. What would you like to tell her?" Appendix ("App.") 114. Though an interpreter was available, Torres chose to speak in English to the District Court. See id. ("I would like to speak in English myself."). The District Court thanked Torres for his testimony, heard defense counsel's argument for a downward variance, analyzed the sentencing factors listed in 18 U.S.C. § 3553(a), and sentenced Torres to a term of imprisonment of 84 months. The District Court advised Torres's attorneys that they were "expected to continue to represent him on any appeals." App. 128.

The District Court entered its judgment of sentence on December 12, 2023. Torres filed a pro se notice of appeal, which bears a handwritten date of December 26, 2023, but bears postmarks dated December 28 and December 29. Torres's counsel now seeks to withdraw because there is no viable basis for appeal. The Government agrees.

3

## II.[2]

Under <u>Anders</u>, defense counsel may — after finding an appeal "to be wholly frivolous" after careful examination of the record — file a brief so "advis[ing] the court and request[ing] permission to withdraw."  386 U.S. at 744.  A "bare conclusion" from counsel is "not enough."  <u>Id.</u> at 742.  Rather, this Court must consider "(1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and (2) whether an independent review of the record presents any nonfrivolous issues."  <u>Simon v. Gov't of Virgin Islands</u>, 679 F.3d 109, 114 (3d Cir. 2012) (cleaned up).  "We exercise plenary review to determine whether there are any such issues" and review factual findings for clear error.  <u>Id.</u>  Forfeited issues, however, are reviewed for plain error.  <u>See</u> <u>United States v. Brito</u>, 979 F.3d 185, 189 (3d Cir. 2020).

The withdrawing counsel's brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and "explain why the issues are frivolous."  <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001).  An appeal is frivolous if it "lacks any basis in law or fact."  <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 438 n.10 (1988).  If "the *Anders* brief initially appears adequate on its face," the second step of our inquiry is guided "by the *Anders* brief itself."  <u>Youla</u>, 241 F.3d at 301.  "[A] complete scouring of the record" is unnecessary.  <u>Id.</u>

Although the <u>Anders</u> brief in this case is facially adequate, for the sake of

---

[2] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231.  This Court has jurisdiction to review Torres's conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

completeness we will take note of one issue raised by the Government in addition to those identified by Torres's counsel. Torres's counsel has identified two areas for review: (1) whether Torres's guilty plea was valid, and (2) whether Torres's within-Guidelines sentence was procedurally and substantively reasonable. The Government identifies a third potential issue: whether it was reversible error for Torres's counsel to prompt his allocution instead of the District Court "personally address[ing]" him as required under Federal Rule of Criminal Procedure 32. United States v. Ward, 732 F.3d 175, 182 (3d Cir. 2013). Torres filed a pro se brief in response, raising various jurisdictional and constitutional challenges to his conviction and sentence.

First, we address a threshold issue regarding the potential untimeliness of Torres's appeal. Torres's deadline to appeal was December 26, 2023, see Fed. R. App. P. 4(b)(1), but his notice of appeal was not filed with the District Court until January 4, 2024. And while the handwritten date on Torres's notice of appeal indicates that it was timely sent from jail, the prison mailbox rule requires either a declaration or postmarking indicating that the notice was "deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1). Torres did not file a declaration, and the postmarks on his envelope are dated after the deadline, which raises doubts as to whether his appeal is timely. But Rule 4(b)'s time limit for filing a criminal appeal is "not jurisdictional," United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012), and here "the government declines to seek dismissal" on that basis, Gov't Br. 2. There is thus no issue as to our appellate jurisdiction and we will not dismiss the appeal for untimeliness.

Second, we conclude that Torres's plea was valid. Because Torres did not

5

challenge the validity of his guilty plea in the District Court, we review this issue for plain error. United States v. Agarwal, 24 F.4th 886, 891 (3d Cir. 2022). There is no error to be found. Before accepting Torres's guilty plea, the District Court advised Torres of his constitutional rights, the elements of the charged offense, the potential penalties he faced, the immigration consequences of his plea, and his appellate rights. Torres was provided with the services of a qualified translator, was represented by counsel, and affirmed under oath that he understood the nature of the charge he faced and the consequences of admitting guilt. The District Judge, moreover, acted with commendable thoughtfulness and caution during the plea colloquy, repeating herself when asked, and even re-reading the indictment to Torres just "to make sure [he was] fully aware of the offense to which [he] intend[ed] to plead guilty." App. 70. Nothing more was required. See United States v. Schweitzer, 454 F.3d 197, 202–03 (3d Cir. 2006); Fed. R. Crim. P. 11. We therefore agree with Torres's counsel and the Government that there is no issue of possible merit as to the validity of Torres's plea.

Third, the District Court imposed a reasonable sentence. We review the reasonableness of a sentence for abuse of discretion and will affirm unless no reasonable court would have imposed such a sentence. United States v. Tomko, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc). A sentencing court must follow three procedural steps: (1) calculate the appropriate Guidelines range; (2) rule on any departure motions; and (3) exercise discretion by considering the relevant 18 U.S.C. § 3553(a) factors. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We discern no procedural or substantive errors. The District Court considered submissions and

6

argument from the Government, defense counsel, Torres, and Torres's family. It correctly calculated the Guidelines range, it did not have to address departure motions because there were none, and it addressed each of the Section 3553(a) factors. The District Court imposed a sentence of 84 months, which is on the low end of the Guidelines range and well below the statutory maximum of twenty years. This sentence was reasonable in light of Torres's history of prior removals, each of which was preceded by serious unlawful conduct within the United States.

Fourth, although a technical error occurred at allocution, there is no non-frivolous argument that the error is reversible. We review this issue for plain error because there was no objection to the allocution procedure in the District Court. See Puckett v. United States, 556 U.S. 129, 135 (2009). Under Federal Rule of Criminal Procedure 32, the District Court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii); accord Ward, 732 F.3d at 181. At Torres's sentencing, however, it was his own counsel, rather than the District Court, that prompted his allocution. The District Court's failure to issue Torres "a personal invitation to speak prior to sentencing" was error. United States v. Greenspan, 923 F.3d 138, 156 (3d Cir. 2019) (quoting Green v. United States, 365 U.S. 301, 305 (1961)). "And the error was obvious on the face of the record, so it was plain." Id. But even if this Court were to presume — as it has done in some circumstances — that this allocution error was prejudicial, e.g., United States v. Adams, 252 F.3d 276, 287 (3d Cir. 2001), there is no colorable argument that it satisfies the fourth prong of plain error review: an error that "seriously affects the fairness,

7

integrity or public reputation of judicial proceedings," United States v. Olano, 507 U.S. 725, 736 (1993). Torres spoke to the District Court at length before he received his sentence, discussing his remorse, commitment to following the law, concerns of losing his family, and request for mercy. The goals of allocution were clearly fulfilled, see Ward, 732 F.3d at 181, and there is no non-frivolous argument that the fairness of Torres's sentencing was seriously affected merely because his own counsel happened to initiate the allocution.

Finally, Torres's arguments for vacating his conviction or sentence are frivolous. Torres argues that the District Court lacked jurisdiction, that the indictment was defective, that the statute of conviction was unconstitutional for lacking a nexus to interstate commerce, and that Title 18 of the U.S. Code is unconstitutional. None of these arguments were raised below, and all four of them fail. In short, there is no dispute that: (1) federal courts have subject matter jurisdiction over immigration offenses and this District Court had personal jurisdiction over Torres; (2) Torres waived his challenges to non-constitutional defects in the indictment by entering an unconditional guilty plea, United States v. Porter, 933 F.3d 226, 229–30 (3d Cir. 2019); (3) Congress's immigration authority has long been understood as "plenary," Kleindienst v. Mandel, 408 U.S. 753, 765–66 (1972), and "an incident of sovereignty," Chae Chan Ping v. United States, 130 U.S. 581, 609 (1889), not dependent on Congress's power to regulate interstate commerce; and (4) this Court has no reason to consider the constitutionality of Title 18 of the U.S. Code in this case because Torres's offense is defined in Title 8.

In sum, we conclude that counsel has fulfilled the requirements of Anders by

8

making a thorough examination of the record. We have independently reviewed the record and do not identify any non-frivolous issues on direct appeal.

III.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the District Court's judgment of sentence. In addition, we certify that the issues presented lack legal merit and that counsel is not required to file a petition for a writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b) (2011).