**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1536

UNITED STATES OF AMERICA

v.

BRANDYN ALLEN SEABREEZE
a/k/a Brandyn Butler
a/k/a Brandon Allen Seabreeze
a/k/a Brandyn A. Seabreeze
a/k/a Brandyn Allan Seebreese
a/k/a Brandyn Allan Seabraeze
a/k/a Brandyn Allyn Butler,
          Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:24-cr-00022-001)
U.S. District Judge: Honorable Michael M. Baylson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 6, 2026

_____

Before: SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>.

(Filed: March 9, 2026)

_____

OPINION[*]

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Brandyn Allen Seabreeze appeals his conviction and sentence for possession of a firearm by a convicted felon. Because the District Court correctly denied Seabreeze's motion to suppress evidence recovered from a search of his car, and because he waived his right to appeal the sentencing issue he raises, we will affirm.

I

Two Philadelphia police officers stopped Seabreeze's car after observing him driving while smoking a marijuana cigar and swerving into another traffic lane. As one of the officers approached Seabreeze's car, he observed Seabreeze reach toward the passenger side and backseat of the car. Upon arrival, the officer saw a backpack in the backseat, observed that Seabreeze was nervous, and smelled marijuana. Seabreeze gave the officer his driver's license. The interaction lasted about forty seconds.

When the officer returned to his patrol car to run a search on Seabreeze's license, he called for backup because he planned to remove Seabreeze from his vehicle. Backup arrived in about two minutes. After re-approaching Seabreeze's car, approximately three minutes after the initial interaction, the officer asked Seabreeze if there was anything in the car he should know about, and Seabreeze showed the officer a clear plastic jar apparently containing marijuana. The officer observed Seabreeze breathing heavily and avoiding eye contact. After the officer said he would remove Seabreeze from the car and unlocked the car door by reaching inside through the driver's side window, Seabreeze locked it and refused to exit. About three minutes later, Seabreeze exited the car

voluntarily, and the officer frisked him, finding no contraband.  As the officer tried to handcuff Seabreeze, Seabreeze began to struggle, knocked another officer to the ground, and attempted to flee.  The officer tased Seabreeze.

After Seabreeze was handcuffed, the officer searched the car and found a partially open backpack in the backseat.  He fully opened the backpack and found a loaded firearm and a medical marijuana card.

Seabreeze was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Seabreeze moved to suppress the firearm, claiming the search violated the Fourth Amendment.  The District Court denied his motion.

Seabreeze thereafter entered a conditional guilty plea pursuant to a plea agreement that would have allowed him to withdraw his guilty plea if his appeal of the suppression ruling succeeded.  The agreement also included a waiver of his right to appeal or collaterally attack his sentence, with certain exceptions that will be described herein.  The District Court accepted Seabreeze's guilty plea and sentenced him to forty-six months' imprisonment and three years' supervised release.

Seabreeze appeals.

II[1]

A

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.  In reviewing an order denying a motion to suppress, we exercise plenary review over the District Court's legal conclusions and review factual findings for clear error.  United States v. Garner, 961 F.3d 264, 269 (3d Cir. 2020).  Whether a traffic stop was unlawfully prolonged is a question of

The District Court correctly denied Seabreeze's suppression motion because his Fourth Amendment rights were not violated. First, the duration of what started as a traffic stop did not result in an unlawful seizure. "[A]n unlawful seizure occurs when an officer (1) diverts from the infraction-and-safety-based mission of [a traffic] stop to investigate other criminal conduct, (2) in a way that meaningfully prolongs the stop, and (3) the investigative detour is unsupported by any independent reasonable suspicion." United States v. Ross, 151 F.4th 487, 496 (3d Cir. 2025) (citing Rodriguez v. United States, 575 U.S. 348 (2015)). The officer here permissibly engaged in tasks associated with a traffic stop, "such as checking [Seabreeze's] driver's license, determining whether there are outstanding warrants . . . and inspecting the automobile's registration and proof of insurance." Id. at 495 (quotation marks omitted) (quoting Rodriguez, 575 U.S. at 355). The officer also appropriately spent time ensuring his safety, id. ("Tasks tied to officer safety are also part of the stop's mission . . . ." (quoting United States v. Clark, 902 F.3d 404, 410 (3d Cir. 2018))), including by ordering Seabreeze out of the car, id. (citing Maryland v. Wilson, 519 U.S. 408, 414-15 (1997)), asking questions "directly tied to officer safety," id. at 497-98, and calling for backup, given Seabreeze's apparent nervousness and movement toward the backseat, United States v. Green, 897 F.3d 173,

---

law. See id. at 269, 271-72. "[B]ecause the motion to suppress was denied, we must view the facts in the light most favorable to the Government and draw reasonable inferences in its favor." United States v. Ross, 151 F.4th 487, 494 (3d Cir. 2025) (quotation marks omitted). The District Court determined the officer's testimony at the suppression hearing was credible. We defer to the facts as described in the officer's testimony because "assessments of credibility by the trial court are entitled to great deference at the appellate level." United States v. Brothers, 75 F.3d 845, 853 (3d Cir. 1996).

4

182 (3d Cir. 2018) (reasoning that request for backup can be "motivated by safety concerns inherent to the traffic stop").

Second, reasonable suspicion supported frisking Seabreeze after he exited the car. The officer reasonably suspected that Seabreeze was armed and dangerous given his movements toward the backseat, where the officer saw a backpack, Seabreeze's apparent nervousness, and his initial non-compliance with the order to exit the car.[2] See United States v. Bonner, 363 F.3d 213, 216 (3d Cir. 2004) (holding officers may frisk a car occupant and search the passenger compartment upon reasonable suspicion that the occupant is armed and dangerous); United States v. Moorefield, 111 F.3d 10, 14 (3d Cir. 1997) (concluding frisk was warranted where "furtive hand movements and refusal to obey the officers' orders constituted suspicious behavior" consistent with an attempt "to conceal something"); see also Illinois v. Wardlow, 528 U.S. 119, 124 (2000) ("[N]ervous, evasive behavior is a pertinent factor in determining reasonable suspicion.").

Third, probable cause existed to search Seabreeze's car and backpack. Officers (1) smelled marijuana emanating from the car,[3] see United States v. Outlaw, 138 F.4th

---

[2] Additionally, the scent of marijuana emanating from Seabreeze's vehicle independently provided probable cause to arrest—and therefore to frisk—Seabreeze, United States v. Ramos, 443 F.3d 304, 308 (3d Cir. 2006), because "the odor [was] particularized to [Seabreeze's] vehicle, and [he was] alone in that vehicle," United States v. Outlaw, 138 F.4th 725, 729 (3d Cir. 2025).

[3] It is immaterial that it is legal to possess a certain amount of marijuana in Pennsylvania, see United States v. Laville, 480 F.3d 187, 189 (3d Cir. 2007) ("[N]otwithstanding the validity of the arrest under state or local law, probable cause exists when the totality of the circumstances within an officer's knowledge is sufficient to warrant a person of reasonable caution to conclude that the person being arrested has committed or is committing an offense."), because such conduct contravenes federal law, 21 U.S.C. § 844.

725, 729 (3d Cir. 2025) (holding the "smell of marijuana alone can create probable cause to search a vehicle" if "particularized to that space"), and (2) observed Seabreeze's attempted flight after his earlier furtive movements, indicating the car contained contraband, see United States v. Navedo, 694 F.3d 463, 474 (3d Cir. 2012) ("Unprovoked flight can . . . elevate reasonable suspicion to probable cause if police have reasonably trustworthy information or circumstances to believe that an individual is engaged in criminal activity . . . ." (quotation marks omitted)).  Because the officers had probable cause to search the car, they were permitted to search areas therein where evidence may be found, including the backpack.  See United States v. Ross, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.").

Because Seabreeze's Fourth Amendment rights were not violated, the District Court correctly denied his suppression motion.

B

Seabreeze also argues that the District Court applied the wrong sentencing base offense level, but he waived his right to appeal this issue.

"[W]e will enforce an appellate waiver . . . where we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice."  United States v. Grimes, 739 F.3d 125, 128-29 (3d Cir. 2014) (quotation marks omitted and second alteration in original).  We address each consideration in turn.

6

To determine the scope of an appellate waiver, we "strictly construe[]" the language of the plea agreement. United States v. Corso, 549 F.3d 921, 927 (3d Cir. 2008). Seabreeze's agreement waived his right to appeal his sentence unless (1) the sentence (a) exceeds the statutory maximum or (b) is the result of an upward departure or upward variance pursuant to the Sentencing Guidelines; or (2) the appeal is based on ineffective assistance of counsel. Seabreeze's sentence was below the statutory maximum and not the result of an upward departure or variance, and there is no claim that his counsel was ineffective. Thus, his Guideline challenge does not fall within any of the exceptions to the waiver, and this issue falls within its scope.

Second, Seabreeze knowingly and voluntarily agreed to the appellate waiver. The signed plea agreement explicitly states his appellate rights were waived with limited exceptions and, during his Rule 11 plea colloquy, Seabreeze stated that he read, understood, and agreed to the waiver.[4] See United States v. Gwinnett, 483 F.3d 200, 203-04 (3d Cir. 2007) (considering written plea agreement and colloquy between court and defendant at Rule 11 hearing in determining whether plea was knowing and voluntary).

Third, enforcing the waiver would not work a miscarriage of justice. "To determine whether enforcing a waiver works a miscarriage of justice, we consider [t]he clarity of the error, its gravity, [and] its character," and only in "unusual circumstance[s]"

---

[4] Although the District Court encouraged Seabreeze to appeal the offense level calculation, these statements cannot invalidate an appellate waiver entered into knowingly and voluntarily. See United States v. Porter, 933 F.3d 226, 231 (3d Cir. 2019).

necessary to prevent "manifest injustice" will we not enforce the waiver. <u>Grimes</u>, 739 F.3d at 130 (citations and quotation marks omitted).  Even if the District Court erred in its calculation of the base offense level, this "garden variety claim of error contemplated by [an] appellate waiver" is not such a circumstance.  <u>United States v. Castro</u>, 704 F.3d 125, 142 (3d Cir. 2013) (quotation marks omitted and alteration in original).  Thus, we will enforce the waiver of his right to appeal.

III

For the foregoing reasons, we will affirm.